UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECT ENTERPRISES, INC., OLYMPUS SEED TREATMENT FORMULATOR, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SENSIENT COLORS LLC, <br><br> Defendant. | No. 1:15-cv-01333-JMS-TAB |
| SENSIENT COLORS LLC, <br><br> Third Party Plaintiff, <br><br> vs. <br><br> SPECTRA COLORANTS, INC., <br><br> Third Party Defendants. | |

## **ORDER ON DEFENDANT SPECTRA'S MOTION TO COMPEL**

In this overly-acrimonious discovery dispute, third-party Defendant Spectra Colorants, Inc., moves to compel Plaintiffs to supplement their Rule 26(a) disclosures to include the address of Plaintiffs' witness, Dianne Walthall. [Filing No. 191.] Spectra also seeks leave to depose Walthall regarding damages, though discovery has closed.[1] Plaintiffs oppose, arguing that Defendants had opportunities to depose Walthall and failed to arrange a time before the deadline.

---

[1] Spectra further seeks certain materials in connection with the deposition of Frank Dominiani. Plaintiffs' response indicates that Plaintiffs have provided the documents, and Spectra did not reply on that issue. Therefore, the Court declines to rule on the matter, as it appears to be moot.

The Court grants Spectra's motion because Plaintiffs failed to timely supplement their disclosures.

The Court declines to address the irrelevant finger-pointing regarding a failed attempt to depose Walthall on an earlier date, which unfortunately dominates the parties' briefing. Instead, the Court focuses on the balance of equities, which favor Spectra. On one hand, Rule 26(e) is unequivocal: parties must supplement disclosures that they know to be incomplete. Plaintiffs knew their disclosure for Walthall was incomplete, yet they failed to discover and confirm Walthall's address, despite having at least two phone conversations with her. On the other hand, the most recent request for supplementation that Spectra includes in its motion is a letter dated July 25, 2017. [Filing No. 191-8 at ECF p. 3.] In the letter, Spectra requests Walthall's address by the end of the week (July 28), but it did not file its motion to compel until August 21. While Spectra could have filed its motion to compel more promptly, the fact remains that Plaintiffs delayed more than a year in providing Walthall's address. And because Walthall is Plaintiffs' witness, Plaintiffs should not be surprised by any information Spectra discovers via her deposition.

Accordingly, the Court grants Spectra's motion. [Filing No. 191.] Plaintiffs must supplement its Rule 26(a) disclosures with Walthall's confirmed address within 7 days. Spectra shall have 45 days from the receipt of the confirmed address to depose Walthall regarding damages.[2]

Date: __09/27/2017__

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] The Court denies Plaintiffs' request to order Spectra to bear the costs and fees for Walthall's deposition because Plaintiffs have not shown a departure from the norm is warranted.

Distribution:

Joel E. Cape
CAPE LAW FIRM PLC
joel@jcapelaw.com

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Kori Flake
KOPKA PINKUS DOLIN PC
keflake@kopkalaw.com

Leslie B. Pollie
KOPKA PINKUS DOLIN PC
lbpollie@kopkalaw.com

Eric C. McNamar
LEWIS WAGNER LLP
emcnamar@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Travis W. Montgomery
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
twmontgomery@kopkalaw.com

Jason Levin
STEPTOE & JOHNSON LLP
jlevin@steptoe.com

Libretta P. Stennes
STEPTOE & JOHNSON LLP
lstennes@steptoe.com

Kelly D.H. Lowry
THE LAW OFFICES OF KELLY D.H. LOWRY, P.C.
kelly@kellydhlowry.com