UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECT ENTERPRISES, INC., <br> OLYMPUS SEED TREATMENT <br> FORMULATOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SENSIENT COLORS LLC, <br> SPECTRA COLORANTS, INC., <br><br> Defendants. <br><br> SENSIENT COLORS LLC, <br><br> Third Party Plaintiff, <br><br> v. <br><br> SPECTRA COLORANTS, INC., <br><br> Third Party Defendant. | No. 1:15-cv-01333-JMS-TAB |

**ORDER**

After Defendant/Third-Party Plaintiff Sensient Colors, LLC ("Sensient") moved for summary judgment against Plaintiffs (Direct Enterprises, Inc. and Olympus Seed Treatment Formulator, Inc.) and Third-Party Defendant Spectra Colorants, Inc. ("Spectra") [Filing No. 189], Sensient reached settlement agreements with those parties regarding almost all of the claims raised in this matter, [Filing No. 253]. The Court recently issued an order addressing Sensient's summary judgment motion on the claims the Court understood as remaining at issue between Sensient and Spectra: whether Spectra owed Sensient any contractual duties of indemnification or defense. [*See* Filing No. 256 at 1-2 ("…the only issue that needs to be addressed by Filing No. 189 is whether Spectra Colorants is required to defend and indemnify Sensient Colors.").] The Court denied

1

Sensient's Motion for Summary Judgment on those remaining claims, concluding that it could not determine whether such duties were owed, because Sensient did not prove the existence of the contract at issue as a matter of law. [Filing No. 256 at 7.] Presently pending before the Court is Sensient's Motion for Reconsideration. [Filing No. 258.] For the reasons described below, the Court denies that Motion.

# I.
## LEGAL STANDARD

The Seventh Circuit has noted that "[t]echnically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure." *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 Fed. Appx. 382, 384 (7th Cir. 2002). However, Rule 54(b) of the Federal Rules of Civil Procedure "governs non-final orders and permits revision at any time prior to the entry of judgment...." *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Under Rule 54(b), the Court may exercise its inherent authority to reconsider or revise its interlocutory orders. *Bell v. Taylor*, 2015 WL 13229553, at *2 (S.D. Ind. Dec. 4, 2015). Such motions to reconsider perform "a valuable function" in the limited circumstances wherein the Court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the Court by the parties, or (3) made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In addition, a motion to reconsider may be appropriate when a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court. *Id.* Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.* at 1191.

**II.**
**DISCUSSION**

As the Court detailed in its Order on summary judgment, Missouri law is clear that in interpreting a contract, the court reviews "the terms of the contract as a whole, not in isolation," *Tuttle v. Muenks*, 21 S.W.3d 6, 11-12 (Mo. Ct. App. 2000), and "each clause must be read in the context of the entire contract," *State ex rel. Pinkerton v. Fahnestock*, 531 S.W.3d 36, 44 (Mo. 2017); *see also Alternative Med. & Pharmacy, Inc. v. Express Scripts, Inc.*, 2016 WL 468647, at *4 (E.D. Mo. Feb. 8, 2016), *reconsideration denied*, 2016 WL 827934 (E.D. Mo. Mar. 3, 2016) ("In construing a contract, a court must give all contract terms their plain and ordinary meaning and consider the whole document. … Courts must not interpret contract provisions in isolation but rather evaluate the contract language as a whole.") (citing *Gavan v. Bituminous Cas. Corp.*, 242 S.W.3d 718, 720 (Mo. 2008); *Jackson County v. McClain Enters.*, 190 S.W.3d 633, 640 (Mo. Ct. App. 2006); *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. 2009)). Sensient failed to prove the existence of the contract in support of its Motion, but instead cited one provision that it argued established Spectra's duties to defend and indemnify. [Filing No. 208 at 18.] The Court concluded that it could not determine the meaning of the isolated contractual provision without reference to the contract as a whole. [Filing No. 256 at 7-8.]

Sensient argues that the Court committed several errors in its consideration of the Motion for Summary Judgment. It points out that the parties had actually reached a settlement agreement on the indemnification issue, leaving only the duty to defend for the Court's decision. [Filing No. 258 at 4.] Sensient contends that the Court therefore erred by focusing its analysis on the indemnification claim, instead of the duty to defend claim. [Filing No. 258 at 2.] And Sensient argues that the Court's ruling "did not address the salient issue in dispute," namely what allegations in Plaintiffs' complaint trigger a duty to defend. [Filing No. 258 at 2.] Sensient also attaches the

subject contract to its Motion to Reconsider. [Filing No. 258-1.] Spectra opposes the Motion, contending that (1) Sensient may not submit new evidence in support of a motion to reconsider; and (2) that in support of its Motion, Sensient disclosed inadmissible, confidential settlement details that should not be considered by the Court. [Filing No. 264 at 2-3.]

The Court now acknowledges that Sensient and Spectra had indeed reached a settlement agreement as to the indemnification claim. The fact that the Court focused its discussion on the indemnification claim in its prior order is, however, of no consequence to the outcome of the summary judgment motion. Sensient's arguments regarding error all necessarily depend on the same premise: that the Court need not review the contract at issue in order to determine whether it imposes a duty to defend. [Filing No. 258 at 2.] The Court disagrees with that premise.

This is a contract dispute. As described above and in the Court's prior order, under Missouri law, a court must review the terms of a contract as a whole, not in isolation, in order to determine their meaning. *Tuttle*, 21 S.W.3d at 11-12. Sensient does not allege error in the Court's statement of the applicable law on contract interpretation, and Sensient offers no explanation as to why that general contract standard should not apply in instances where the provision at issue involves the duty to defend. Indeed, the legal standard for determining whether a duty to defend exists requires the Court to compare *language in the contract* to the allegations in the pleadings. *See Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 861 (8th Cir. 2012). And while Sensient has now attached a copy of the alleged contract to its Motion to Reconsider, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Sensient could have submitted the contract with its briefing on summary judgment, and it did not.

Therefore, Sensient's Motion to Reconsider is denied.

# III.
## CONCLUSION

For the reasons discussed above, the Court **DENIES** Sensient's Motion to Reconsider. [258] The Court requests that the Magistrate Judge confer with the parties regarding a potential resolution of the last remaining issue—whether Spectra owes Sensient a duty to defend.

Date: 2/23/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Joel E. Cape
CAPE LAW FIRM PLC
joel@jcapelaw.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Kori Flake
KOPKA PINKUS DOLIN PC
keflake@kopkalaw.com

Jason Levin
STEPTOE & JOHNSON LLP
jlevin@steptoe.com

Kelly D.H. Lowry
THE LAW OFFICES OF KELLY D.H. LOWRY, P.C.
kelly@kellydhlowry.com

Eric C. McNamar
LEWIS WAGNER LLP
emcnamar@lewiswagner.com

Travis W. Montgomery
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
twmontgomery@kopkalaw.com

Leslie B. Pollie
KOPKA PINKUS DOLIN PC
lbpollie@kopkalaw.com

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Libretta P. Stennes
STEPTOE & JOHNSON LLP
lstennes@steptoe.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Paul Younger
THE LAW OFFICES OF PAUL YOUNGER, PLLC
pyounger@youngerlawfirm.com